# EXHIBIT B

Case 1:21-cv-01628-SDG   Document 1-2   Filed 04/21/21   Page 2 of 6

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01801-S2**
**3/9/2021 1:10 PM**

CLERK OF STATE COURT

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| NEIL MEURER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| vs. ) | FILE NO. **21-C-01801-S2** |
| ) | |
| HUMANA EMPLOYERS HEALTH ) | |
| PLAN OF GEORGIA, INC., *and*, JOHN ) | |
| DOES 1-5. ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

**COMES NOW NEIL MEURER** and files this Complaint showing the Court as follows:

1.

Upon knowledge, information and belief, Defendant, HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., is a Domestic Corporation.

Service may be perfected on HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC. through its Registered Agent for Service of Process: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

2.

JOHN DOE individual(s) and JOHN DOE corporation(s) are those yet unidentified Parties Defendant, who are or may be liable to Plaintiff under the allegations set forth in this Complaint, and are each subject the jurisdiction and venue of this Court.

3.

This Court has jurisdiction over the subject matter, as well as the person of Defendant, *and*, venue is proper herein.

4.

Sometime prior to August, 2019, Defendant entered into a Healthcare Insurance Contract with Plaintiff.

5.

On or about August 28, 2019, Plaintiff received medical care and treatment by various providers at Wellstar Kennestone Hospital.

6.

Despite such medical care and treatment being covered by Plaintiff's Healthcare Insurance Policy with Defendant, Defendant has refused to pay for such covered services.

Plaintiff has been damaged.

7.

On at least two occasions, Plaintiff's attorney requested a copy of the relevant insurance policy but Defendant ignored such requests and has refused to provide Plaintiff or his attorney a copy of the policy.

**Breach of Contract**

8.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-7 as if fully set forth *verbatim*, herein.

9.

Defendant has breached its promises and contract with Plaintiff.

## Unjust Enrichment

10.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-9 as if fully set forth *verbatim*, herein.

11.

Defendant has obtained Plaintiff's money through payment of policy premiums but has failed and refused to pay for a covered loss.

## Bad Faith and Stubborn Litigiousness

12.

Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-11 as if fully set forth *verbatim*, herein.

13.

Plaintiff shows that Defendant has acted in bad faith, has been stubbornly litigious, *and*, has caused Plaintiff unnecessary trouble and expense, thereby entitling him to expenses of litigation pursuant to O.C.G.A. §§ 13-6-11, *and*, 9-15-14.

**WHEREFORE**, Plaintiff demands:

A. That Civil Process issue as provided by law;

B. That he be awarded Compensatory Damages as provided by law;

C. That he be awarded Expenses of Litigation and Attorney's Fees as provided by law;

D. That he have such other additional relief as the Court may consider equitable and/or appropriate given the circumstances of this case.

Respectfully Submitted, this 8th day of March, 2021.

/S/ *James K. Creasy*
_____
James K. Creasy
Georgia State Bar No. 194862
Attorney for Plaintiff

2 Ravinia Drive
Suite 120
Atlanta, GA  30346
770.394.3127