**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NEIL MEURER,<br>    Plaintiff,<br>                v.<br>HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC., and JOHN DOES 1–5,<br>    Defendants. | Civil Action No.<br>1:21-cv-01628-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendant Humana Employers Health Plan of Georgia, Inc.'s (Humana) partial motion to dismiss [ECF 8], which supersedes its original motion to dismiss [ECF 5]. For the reasons stated below, Humana's partial motion to dismiss [ECF 8] is **GRANTED**, and its original motion [ECF 5] is **DENIED AS MOOT.**

**I.     BACKGROUND**

Meurer filed suit against Humana in the Superior Court of Gwinnett County, Georgia, alleging that Humana improperly refused to pay for his medical care.[1] Meurer asserted claims for breach of contract,[2] unjust enrichment,[3] and bad

---

[1]   ECF 1-2, ¶¶ 5–6.

[2]   *Id.* ¶¶ 8–9.

[3]   *Id.* ¶¶ 10–11.

faith and stubborn litigiousness.[4] Humana timely removed the case based on the contention that Meurer's claims are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*[5]

On April 28, 2021, Humana filed a motion to dismiss the Complaint.[6] Under the Court's Local Rules, Meurer's response was due on May 12. LR 7.1(B), NDGa. Meurer did not, however, respond to the motion or timely seek to extend the deadline. Rather, on May 19, Meurer filed a First Amended Complaint, adding an ERISA cause of action to his state law and derivative claims.[7] Humana then filed another partial motion to dismiss,[8] and Meurer failed to respond or seek additional time to respond before the deadline for filing his opposition brief, June 16.

On June 25, Meurer sought an extension of time,[9] acknowledging that, after Humana filed its second motion to dismiss, his counsel went on an unnoticed leave of absence for a family vacation.[10] LR 83.1(E)(4), NDGa ("All leaves of absence

---

[4] *Id.* ¶¶ 12–13.

[5] ECF 1.

[6] ECF 5.

[7] ECF 7.

[8] ECF 8.

[9] ECF 9.

[10] *Id.* at 1.

require the Court's approval. A request for a leave of absence of 21 days or more must be made by motion."). The Court denied Meurer's motion, concluding that (a) his counsel's unnoticed vacation neither established good cause nor excusable neglect under Fed. R. Civ. P. 6(b)(1), and (b) the federal rules provided no basis for the Court to grant the motion.[11]

Unpersuaded that the Court meant what it said, Meurer nevertheless filed an untimely and improper response brief on July 12, ten days after the Court entered its Order denying him leave to do so. In another case before this Court, Meurer's attorney filed an identical response in opposition (also in violation of this Court's Order), likewise criticizing the Court for denying an extension.[12] The Court will not tolerate the flagrant disrespect demonstrated by Meurer's counsel. Any future filings that shows the same contempt for the Court or its rulings will result in sanctions. Meurer's response to Humana's motion is disregarded, precisely because it is both untimely and improperly filed. Therefore, the Court treats Humana's partial motion to dismiss as unopposed. LR 7.1(B), NDGa.

---

[11]  ECF 10, at 2–3.

[12]  *Christopherson v. United Healthcare Insurance Company*, 1:21-cv-01611-SDG.

**II.      DISCUSSION: ERISA PREEMPTION**

Humana argues that Meurer's state law claims are completely and defensively preempted by ERISA. Specifically, it contends that this Court has subject matter jurisdiction over this case because Meurer's First Amended Complaint adds an ERISA cause of action, and that his ERISA cause of action—not his state law and derivative causes of action—is the only proper vehicle for his claims. The Court agrees.

"ERISA includes expansive pre-emption provisions, . . . which are intended to ensure that employee benefit plan regulations would be 'exclusively a federal concern.'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981)). Two types of preemption arise under ERISA: complete preemption and conflict preemption. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1344 (11th Cir. 2009). Complete preemption

> is a judicially-recognized exception to the well-pleaded complaint rule . . . [it] derives from ERISA's civil enforcement provision, § 502(a), which has such "extraordinary" preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Consequently, any cause of action within the scope of the civil enforcement provisions of § 502(a) is removable to federal court.

*Id.* By contrast, conflict preemption, often referred to as defensive preemption, serves as a "substantive defense to preempted state law claims. This type of preemption arises from ERISA's express preemption provision, § 514(a), which preempts any state law claim that 'relates to' an ERISA plan. Because conflict preemption is merely a defense, it is not a basis for removal." *Id.*

### A.   Complete Preemption

This case does not compel a complete preemption analysis. Complete preemption exists as a "independent corollary," which creates federal-question jurisdiction when the "pre-emptive force of a statute is . . . extraordinary," as in the case of ERISA and few other federal statutes. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (cleaned up). Put differently, complete preemption is purely "jurisdictional in nature." *Connecticut State Dental Ass'n*, 591 F.3d at 1344. As Meurer's First Amended Complaint asserts a claim under ERISA, a federal statute, the Court need not analyze whether his state law claims are completely preempted. The Court finds, and the parties acknowledge,[13] that it has federal question subject matter jurisdiction over this action. *Caterpillar, Inc.*, 482 U.S. at 392

---

13   ECF 7, ¶ 3 (First Am. Compl); ECF 8-1, at 2 (Mot. to Dismiss).

(noting "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

### B.     Defensive Preemption

However, Meurer's state-law claims are defensively preempted and must be dismissed. ERISA's express preemption section states that "the provisions of this subchapter . . . shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee welfare benefit plan. . . ." 29 U.S.C. § 1144(a) (emphasis added). Whether a state law "relates to" a plan is a commonsense inquiry; courts need only ask if the law "has a connection with or reference to such a plan." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995) (quotation omitted). Accordingly, to assess defensive preemption, the Court must examine "whether the claims brought fit within the scope of the state law that Congress understood would survive ERISA." *Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 722 (11th Cir. 1996). Specifically, a "state law claim 'relates to' an ERISA benefit plan . . . whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997).

Meurer's state-law claims all arise from the same facts, namely that "[d]espite . . . treatment being covered by [Meurer]'s Healthcare Insurance Policy

with [Humana], [Humana] has refused to pay for such services."[14] These claims are self-evidently intertwined with Humana's alleged refusal to pay for benefits to which Meurer believes he is entitled, so they are defensively preempted by ERISA. *Swerhun v. Guardian Life Ins. Co. of Am.*, 979 F.2d 195, 198 (11th Cir. 1992) ("ERISA preempts state common law tort and contract actions asserting improper processing of a claim for benefits.") (cleaned up); *see also Williams v. Wright*, 927 F.2d 1540, 1540–50 (11th Cir. 1991) (noting that state law breach of contract claims are preempted by ERISA). Because Meurer's state-law claims are defensively preempted by ERISA, they must be dismissed.

### C.   Derivative Claims

Meurer's "bad faith and stubborn litigiousness" claim under O.C.G.A. § 13-6-11 is fraught with issues. Paramount among them, the Eleventh Circuit has made clear that bad faith damages are preempted by ERISA. *Moon v. Am. Home Assur. Co.*, 888 F.2d 86, 89 (11th Cir. 1989) (affirming district court's application of "ERISA preemption to [the plaintiff's] prayer for bad faith damages under Georgia law based on the improper processing of insurance claims" because "these penalties are not part of the state insurance regulatory scheme."). Indeed, as Humana points

---

14   ECF 1-2, at 4.

out, O.C.G.A. § 33-4-6 "affords the exclusive state law extra-contractual remedy for the alleged failure to pay benefits under an insurance policy."[15] *Lincoln Nat'l Life Ins. Co. v. Davenport*, 410 S.E.2d 370, 371 (Ga. Ct. App. 1991) (insured did not have a claim necessary to support an award under O.C.G.A. § 13-6-11 where the elements of damages were not recoverable and the only damages claim was predicated on the insurer's failure to pay benefits under its policy). And, in any case, a claim for attorney's fees under O.C.G.A. § 13-6-11 "requires an underlying claim." *Gilmour v. Am. Nat. Red Cross*, 385 F.3d 1318, 1324 (11th Cir. 2004). Thus, Meurer's derivative claims fail, along with his state law claims.

### III. CONCLUSION

Humana's partial Motion to Dismiss for Failure to State a Claim [ECF 8] is **GRANTED**, and Humana's original Motion to Dismiss for Failure to State a Claim [ECF 5] is **DENIED as MOOT**.

**SO ORDERED** this 3rd day of February, 2022.

Steven D. Grimberg
United States District Court Judge

---

[15] ECF 5-1, at 8 n.2.